**Roman Martinez**
roman.martinez@lw.com
202.637.3377

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 15, 2026

**<u>VIA CM/ECF</u>**

Christopher G. Conway, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

> Re:  Response to Plaintiffs' Fed. R. App. P. 28(j) Letter in *Taewoo Kim, et al. v. Jump Trading, LLC, et al.*, No. 25-1964

Dear Mr. Conway:

*Olson v. FCA US, LLC*, 2026 WL 934267 (9th Cir. 2026), does not move the needle for Plaintiffs.

According to Plaintiffs, *Olson* "reaffirmed" the Ninth Circuit's "rule" governing delegation clauses that "refer solely to the parties."  ECF No. 62-1; *Olson*, 2026 WL 934267, at *3 ("At *your or our election*, any claim or dispute … *between you and us* … is to be decided by neutral, binding arbitration.").  That rule does not apply here.  Unlike the party-specific delegation language analyzed in *Olson*, the Anchor TOS (1) delegate "any claim or controversy as to arbitrability" to the arbitrator, and (2) incorporate the SIAC Rules' broad delegation of all arbitrability questions—and neither is limited to disputes between signatories.  A154; OpeningBr.20-25; ReplyBr.12-13.

Here, the phrase "*any* claim or controversy as to arbitrability" in the contract encompasses disputes over the arbitrability of claims against nonsignatories.  "Any" means "all," and this Court and the Supreme Court have made clear that whether a nonsignatory defendant can enforce an arbitration agreement raises a question of "arbitrability."  *Janiga v. Questar Cap. Corp.*, 615 F.3d 735, 743-44 (7th Cir. 2010); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).  Moreover, the SIAC Rules delegate "jurisdiction[al]" disputes to the arbitrator, and such disputes encompass "whether a non-signatory may enforce the agreement."  *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 848 (6th Cir. 2020).

Regardless, *Olson* is wrong to suggest there is consensus against delegating nonsignatory enforcement.  ReplyBr.13; OpeningBr.28-30 nn.7-8.  Though other cases

**LATHAM&WATKINS**LLP

involved signatories' "successors or assignees," *Olson*, 2026 WL 934267, at *4 n.2, the First, Second, and Eighth Circuits agree that "arbitrability" disputes involving traditional contract-law doctrines such as assignment and equitable estoppel are delegable. *See Newman v. Plains All Am. Pipeline, L.P.*, 44 F.4th 251, 253-54 (5th Cir. 2022) (Jones, J., dissenting from denial of en banc rehearing). And *Olson*'s approach cannot be squared with the Sixth Circuit's conclusion that "policy concern[s]" about "*anyone*" compelling arbitration do not affect the analysis. *Blanton*, 962 F.3d at 851-52 (citing *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 71 (2019)).

                                    Sincerely,


  /s/ Paul M. Krieger                   /s/ Roman Martinez
Paul M. Krieger                      Roman Martinez
  *Counsel of Record*                Melissa Arbus Sherry
Jonathan F. Bolz                     Uriel Hinberg
KKL LLP                              LATHAM & WATKINS LLP
350 Fifth Avenue                     555 Eleventh Street, NW
Suite 7710                           Suite 1000
New York, NY 10118                   Washington, DC 20004
(212) 390-9550                       (202) 637-2200


*Counsel for Defendant-Appellant*    Jonathan D. Cogan
*William DiSomma*                      *Counsel of Record*
                                     Steven W. Perlstein
                                     Igor Margulyan
  /s/ Aitan D. Goelman                KOBRE & KIM LLP
Aitan D. Goelman                     800 Third Avenue
  *Counsel of Record*                New York, NY 10022
R. Miles Clark                       (212) 488-1200
Christopher R. MacColl
ZUCKERMAN SPAEDER LLP                Peter Trombly
2100 L Street, NW                    LATHAM & WATKINS LLP
Suite 400                            1271 Avenue of the Americas
Washington, DC 20037                 New York, NY 10020
(212) 778-1800                       (212) 906-1200


*Counsel for Defendant-Appellant*    *Counsel for Defendants-Appellants*
*Kanav Kariya*                       *Jump Trading, LLC and*
                                     *Jump Crypto Holdings LLC*


cc:     Counsel of Record (via CM/ECF)

**LATHAM&WATKINS**LLP

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with Fed. R. App. P. 28(j) because the body of this letter contains 347 words.

*/s/ Roman Martinez*
Roman Martinez